Argument not to exceed 15 minutes per side. Mr. Denna, you may proceed for the appellant. Hello. My name is Daniel Denna. I'm an attorney with the Federal Community Defender in Detroit, Michigan. I'm here on behalf of Mr. Thomas today, and we're reserving three minutes for rebuttal. Yes, thank you. Two imperfect writings, one made pro forma and the other pro se. That's what this case is about. One of these imperfect writings was made by the state court, pro forma. The state court, in denying Mr. Thomas' 6500, parroted the procedural rule, but only explicitly invoked and analyzed the merits of Thomas' claims, not denying on procedural default. And for that reason, the district court erred in finding that Thomas had procedurally defaulted on those claims in the first place. The other imperfect writing, by Mr. Thomas himself, not pro forma, but pro se. In the 6500, he urged the state court to grant relief for ineffective assistance of trial and appellate counsel. Although his 6500 never explicitly stated the phrase appellate counsel, it is the necessary inference from the arguments that he was advancing, fairly presenting those claims to the state court. And for that reason, again, the district court erred in finding that he had not adequately raised ineffective assistance of appellate counsel as cause and prejudice to excuse procedural default. Two imperfect writings, each to be evaluated by two different standards, but in both cases, there is only one right result, that Mr. Thomas is entitled to remand for consideration of those, what the district court calls later presented claims. What is, in the 6500 order from the state court, what's your best interpretation for appellate counsel? And do you have an argument for why the state court would cite MCR 6.508D3, so the procedural default provision, if the state court was really deciding it on the merits? Do you think that that was just a typo? What's the best argument for why it would make sense what the state court was doing? That's a good question. In this case, it's the same, I think, issue that the district court had, where they said that it was hesitant to find that the court misunderstood its laws by including 6508, if it didn't mean to actually rely on it. But in this case, whether the state court misunderstood or included it as a mistake is not what the standard is. It's about the execution. That is, did the state court actually analyze 6508? Did they say Mr. Thomas did not meet cause for this reason? Did he not meet prejudice for that reason? And the state court just did none of that. None of that at all. And the district court refers to the block quote as parroting. And I think that's the perfect word to describe it, because that's what a parrot does. It says words without actually providing any meaning to it. If you look... What's your best case supporting the claim that there was not, this was not a procedural defaulted claim? Well, I think I have three points. I think, frankly, what we have to do is start by just looking at the black letter law, which says that in order for there to be a procedural default, that the court has to actually enforce it. And it does that by explicitly invoking the rule. And in this case, I think the best way to look at it is by comparing how the court analyzed 6508 and looking at how the court analyzed 6302. The court, in analyzing 6302, states the conclusion that Mr. Thomas doesn't meet the merits. Then states the rule for 6302. Then it spends a page and a half explaining how the facts apply and why they came to the decision. Let's compare that to 6508. We have nothing but a block quote. Are you familiar with that case? It seems to me to be quite analogous to the argument you're making. Yeah, I am familiar with that case. And I do think that it is analogous. In that case, in fact, the state court opinion said, and I quote, the defendant has not shown good cause under 6508D3, nor has he proven actual prejudice. So there's no block quote, but there's an actual conclusion that the defendant didn't show good cause or actual prejudice. And still the Sixth Circuit found that there was no procedural default because there was no actual analysis or application of the rule. A simple conclusion at the outset and at the end was just not enough. As opposed to an application of the rule? Right. And so if this was not a procedural default case, how would this case proceed? What would you be asking this court to do? We would be asking, in this case, to remand back to the district court for the district court to consider all of the claims that Mr. Thomas has made, including what the district court referred to as the later presented claim. So you would have the merits arguments remanded for the district court to analyze in the first instance? That's right. So one theory of what the district court was doing, or I'm sorry, the state trial court was doing, was a prejudice analysis. Because when I looked at the statute, 65, I guess the rule, 6508D3B, actual prejudice, has a specific provision with respect to when you plead guilty. And it says when somebody enters a guilty plea, you have actual prejudice if the defect in the proceedings was such that it renders the plea an involuntary one to a degree that it would be manifestly unjust to allow the conviction to stand. And the analysis in the district court's opinion is a suggestion that the plea was not involuntary. So it could, in some respects, map on to that provision. I know that the state trial court did not mention that provision. But I don't know, maybe if we gave it the benefit of the doubt, that could be one argument for what the state trial court was doing, was finding no actual prejudice because it was a voluntary plea. I think in response, I would say, again, is that we don't, and shouldn't, give the state trial court the benefit of the doubt. That we would give a pro se litigant like Mr. Thomas, because we demand more. The state court, they are lawyers and good ones, and they know what they need to articulate because of the fact that they know that a higher court at some point is going to be reviewing and relying on those decisions. And so we insist that when it says that they explicitly invoke the rule, that they must do so. And if they were trying to explain prejudice, then they clearly could have said so by saying, you know, prejudice is not met under 6508 D3 for this reason. And that's just not what they did. They explicitly referred to 6302 when they make that analysis. There is one other point I'd like to make on that issue, and that's about the district court's decision in focusing on the word cognizable. I found it strange in the obtuse sort of focus on it, because the cognizability, it says, actually refers to both the procedural and the substantive rule for 6508 D3 and 6302. So in this case, I think the district court, while it had a lengthy opinion, was one that overlooked many of the issues, and particularly on the issue of whether there was a procedural default in the first place. I would, with my remaining time, like to focus on the fact that even if this court were to be reviewed, it would still be a procedural default. Even if this court were to find that it was procedurally defaulted, Mr. Thomas had raised ineffective assistance of counsel as a reason to excuse procedural default in this case. And I think there are two points where the district court erred. One, they focused on the fact that Mr. Thomas had not explicitly used the word appellate counsel. But in this case, he needed not do that, because when he explains in his entitlement to relief on page ID 346, that he has met the requirement of 6508 D3, where ineffective assistance of counsel entitles him to relief, he could not do that. He could only be referring to appellate counsel. It would make no sense, the idea that it was his trial counsel that didn't raise these issues on direct appeal. And what's the best factual reason that you think that there was ineffective assistance at the appellate level? Well, I think all of the claims that Mr. Thomas advanced, and in particular, the idea that there was ineffective assistance, the idea that this plea was illusory, but also that it was very clear at his plea, and in the briefing, the transcript is clear, and at his sentencing, that he wanted to appeal these non-jurisdictional issues. He was concerned about Brady violations, about prosecutorial misconduct, and at least from what we have on the record, there was continued confusion about his ability to do that. And the idea of just, you know, you understand you have a, you've given up the automatic right to appeal, or you can still appeal by leave, he, none of that addressed the actual fact that he would be giving up entirely these non-jurisdictional issues that he was certainly wanting to raise on appeal. I see that my time is up, but... Take a moment to conclude. For all of these reasons stated, we'd ask that this Court find that Mr. Thomas had not procedurally defaulted, and we'd ask for a remand to the District Court to consider these issues at the first instance. Good morning, Your Honors. May it please the Court, Assistant Attorney General Scott Shimkus appearing on behalf of Respondent. I think this case really boils down to two points. The first being that all but one of Mr. Thomas's claims are procedurally defaulted without excuse. And the second being that his sole surviving merits claim is meritless. And so for those reasons, we ask this Court to affirm. You would agree that for procedural default to apply, it has to be clearly and unambiguously enforced, and it didn't seem all that clear to me what the State Trial Court was doing in that motion, or the order denying the 6.500 motion or whatever. Yes, Your Honor. So a few points on that. So the first is, as the District Court said, the fact that the trial court could have been clearer doesn't mean it wasn't clear enough under the law. And as Mr. Ding has said, he's referring to imperfect writings, but the law doesn't say it has to be perfect. Just that it has to be sufficient, right? Well, it has to be clear. It has to be clear. It has to be clear and unequivocal. Absolutely, Your Honor. And why aren't we in the world of Dantzler versus Rewerts? And I'm glad you brought that up, Your Honor, because I did want to address that precise point. So Dantzler is, first of all, I probably don't really need to point it out, but I will say for the record that it is an unpublished decision. And not just unpublished in the sense that it's in the federal appendix, but that it's entirely unpublished. It only, at the moment, you know, it's about two years old, it only has a Westlaw site right now. And it's been cited by only one other case, and that was an unpublished District Court opinion. Yes, but why does its reasoning not work? So I think the reasoning doesn't apply here, because, for one, the language of the actual State Trial Court opinion, it doesn't appear in Dantzler. Dantzler sort of summarizes what the order says, which is that, you know, it cites the rule, but then it never actually, you know, uses the words cause or prejudice and applies it. And here, it's true that we don't have the words cause and prejudice, but I don't think the trial court needed to use that to signify that. And I think it's additional to this court that they were actually using MCR 6.508 D3 to default these claims. First, because they do cite the rule in its entirety, so the court is plainly aware that the defendant needs to meet cause and prejudice to get these claims heard. And on top of that, Your Honor, at the very end of the opinion, it does say there was no cognizable claim pursuant to 6.508 D3 and 6.308 D3. I'm sorry, excuse me, 6.302 A. So I think we have to see that the trial court knew what it was doing when it was citing and using. Which one, was it cause or prejudice that the trial court relied on? I'm sorry, Your Honor. So the trial court block quoted the rule, which included the merit section, and then the good cause and prejudice, if there's been a default. And then engaged in a merits analysis. And I have no idea, did the court find a lack of good cause or a lack of prejudice? I think we can safely say, at a minimum, the court found a lack of prejudice. Because I think in this sense, the prejudice analysis was probably sort of merging with the merits anyway. Because in order to show prejudice, you have to show that there was some fault in the plea. And so by engaging in this analysis under 6.302 A, and by doing that, getting to the constitutional pieces of the plea as well, I think we can pretty safely say that the court was finding a lack of prejudice. The other thing is, by referring at the end of the opinion. I don't want to stop you from answering that question, but I want you to explain in your answer why this is not a question of whether there was an explicit statement. The idea that you can look at the order and say, well, we can conclude from that, or we can assume from that, that just doesn't meet our standard. I think the real question is, is there an explicit statement that the defendant failed to raise a particular claim on direct appeal? And I don't find an explicit statement in that order. Where do you find it? Your Honor, it's at the end, where the court says there's no cognizable claim that can merit relief pursuant to 6.508 D3 and 6.302 A. So we really see in that last statement that the court engaged in both a merits analysis and a procedural analysis here, because the cognizability, as the district court said, that really goes to the procedural part, and so does the explicit site. So are you saying it's not really necessary that the state court have any reasoning for its conclusion that there's a procedural bar? That they can just simply say there's a procedural bar? Because obviously there doesn't seem to be any reasoning here in this opinion as to why there's a procedural bar. I think that's correct, Your Honor. I fully acknowledge that the opinion doesn't use the words cause or prejudice aside from quoting the rule. It doesn't say, I find there was no cause for X reason and there was no prejudice for Y reason. It seems to me our rule of requiring unambiguous state court reliance on a procedural default, I think that means that the state court has to give some reason why it's coming to that conclusion. That there's a procedural bar, even if you have a statement to that effect. Am I not correct? It strikes me, Your Honor, that the only... We're here to provide habeas relief, federal habeas relief. And we recognize, though, that if there is a state procedural reason to deny it, we're going to respect that unless there's the cause and prejudice exception. But it seems to me maybe the reason behind the rule is that we still need to know that the state court is truly, in some manner of logic, applying the procedural bar and it's not just saying it for the sake of saying it. I think that's true, Your Honor. And I think it would be a different case if all the court did was block quote that 6.508D3 and then they did everything they did and then we don't have that very last paragraph. Or it says, pursuant to 6.302A, this motion is denied. I think if that's all we had, we would be much closer to Dantzler and even the broader law. But we don't because the trial court knew what it was doing when it applied both a procedural bar and analyzed the merits. There really would be no reason for the court to refer to 6.508D3 if it wasn't referring to some procedural bar in addition to a lack of merit. There would just be no reason for them to use that 6.508D3. And I think as the district court said, it makes sense that the trial court did what they did because they know their own rules. This court and the district court acknowledged that it couldn't assume the state court was sort of mistakenly applying D3 or bringing up D3. And so I think... The court doesn't even say it's invoking... But all that means is it can be clear and unambiguous if the state court says, I find this claim procedurally defaulted and there's no cause and prejudice under this particular provision period. No other analysis. Just one sentence. That might well be sufficient for me. But there's just no suggestion in any of the words of the order that the state court was doing anything like that. I don't see any invocation of a procedural default in this order period, other than the mere citation to the rule at the end. Fair enough, Your Honor. And I won't sort of beat the proverbial dead horse here in terms of that final paragraph. But I think that's really where our argument lies, is the fact that the language used in that final paragraph signals that the court was using both procedural grounds and merits grounds to deny this provision. And how do you... Is it just through logic? Because you agree that the appellate waiver provision was preserved, the final argument, the merits of whether he knowingly waived his appellate rights. Correct. Because it was raised in his direct appeal. But if we take the limits of your logic for the other claims, why wouldn't the state trial court's order be best read to find that also defaulted? Because it didn't distinguish between claims and its order. He clearly raised the appellate waiver claim in his post-conviction motion. So you yourself have to do some deduction to say, well, the order didn't say anything about any of these claims, but we're just going to assume that this one was preserved and these weren't. Well, I think because, Your Honor, if you look at the claim that was raised in his direct appeal and then the claim that was raised in his motion for relief from judgment, I don't think they exactly mirror each other. And so the appellate waiver element of what he raised in his motion for relief from judgment, to the extent that that mirrored what he raised in his direct appeal, yeah, that couldn't be defaulted because it had been previously raised. But I think there were some other nuanced arguments in there. In fact, as the district court pointed out, once appellate counsel, excuse me, habeas counsel, if you will, was appointed in this case, they sort of broke the petitioner's claims down into really eight claims. And so I think we see that some elements carried over in the motion for relief from judgment, but not all. So I would say to the extent that the district, or excuse me, the state court, I don't know, mistakenly defaulted a claim that was previously raised. I think it's just up to this court to look to that first time it was raised to get to the merits of it. And then anything else that was raised in the motion for relief from judgment would be defaulted. But we're engaged in an awful lot of speculation here. I mean, we're now saying that the best reading of the state trial court's order is that it found them all procedurally defaulted. But that can't be right because one of them was clearly preserved. So we'll read that exception into the citation. I mean, I think it's easier to say that it was breaching the merits. And I think, Your Honor, that's why, as the district court said, just because it could have been clear doesn't mean it wasn't clear enough. And so I think there is sufficient language here. It could have been clear. There's no doubt about that. And I think, as Your Honor said, if it had said something like, I find no cause, no prejudice, and even if that was it, that would be nicer, right? But I don't think it's necessary. And that's the key. Sure. Not what's better, not what's a little bit better, but what is required. Correct. And I would imagine, counsel, and correct me if I'm wrong, you would concede that the merits basis in this claim is concerning. We have a person who entered an agreement telling the court that, well, I'll just come back and we'll look at all this again on appeal. And the state court's answer is, well, no, I told you that you couldn't. But that's not what the state court told him. The state court told him, you can do this with leave. When the truth was, he could not do these particular, this whole category of claims with leave of court. They were gone. Isn't that correct? Under the law, yes, that's absolutely true, Your Honor, that all non-jurisdictional defects were waived with the plea. But there's also no constitutional requirement that the trial court tell the defendant in this case that by leave I mean you can raise only jurisdictional defects and that you waive everything else. What is it to have a knowing plea then? Can someone plea knowingly, believing that they have a right to appeal the entirety of the case, based on what the judge has said to them, oh, you can do it with leave, when in fact they cannot appeal the entire key category of the case? I think the district court recognized these are serious arguments. These are real concerns. Serious, certainly, Your Honor, but not meritorious. So a few points here. First is that, as the district court pointed out, there's really no constitutional basis for this specific claim because, as the district court did, and I don't practice in federal criminal law, but as the district court pointed out, that's not done in federal pleas either. And so it's possible that if that was the law, then the federal district courts are defying that law every day when they take pleas as well. But the other point here is because we're on habeas, the other side needs a specific case that says this is a constitutional violation. And while they might have generic law that a plea needs to be knowing and voluntary, they haven't pointed to any cases that say, here the Supreme Court said, you weren't told about the fact that you couldn't raise non-jurisdictional defects in your appeal by leave, and therefore that's a constitutional violation. By my reading, the other side hasn't brought that case. And I think, as far as his plea goes, it's really hard to say that it wasn't voluntary here because he wasn't willing to take a plea with a much lower sentence. And then once the facts changed, once he found out that his co-defendant could testify against him, he changed his tune. He decided, I would rather take my plea than go to trial. And so here he avoided a higher sentence, which could have been up to life. He avoided potential civil liability for a paternity with his victim here because the victim was a female and she got pregnant after this assault by three different men, including the defendant. And then there was avoiding a trial for the victim and even the defendant's family. And he's avoiding all this pretty significant and damning evidence from the trial. And he had the opportunity to withdraw his plea. I apologize, Your Honors. I see my time is up. I won't carry on. Thank you, Your Honors. For all these reasons, we would ask you to affirm. The other thing I'll point out, as far as the other side asked for a remand here, if this Court finds that the claims were not defaulted, I would point out those claims were fully briefed in the District Court. And there was no affirmative argument that those claims should get to the merits here and what those merits would be. And so I think to have this Court remand it to the District Court to resolve those claims, it really is unnecessary. It was fully briefed there, and this Court can deny those claims on the merits without the District Court doing that in the first instance. Thank you, Your Honors. I just have one thing that I'd like to stress. Procedural default is an affirmative defense. Because procedural default is affirmative defense, ambiguities favor the petitioner. And the party that is advocating for that affirmative defense bears the risk of equipoise. That is, if there is ambiguity, Thomas should be given relief in this case. I'd like to last note that as this Court has noted, the merits of Mr. Thomas' claims are serious, and exactly why these issues should be remanded for the courts, for the District Court's consideration at first instance on remand. We thank you both for your arguments.